Filed 12/12/23  P. v. Thompson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAFT LEE THOMPSON,<br><br>Defendant and Appellant. | C097524<br><br>(Super. Ct. No. 18FE010736) |

Defendant Raft Lee Thompson "hit a man with a U-Haul truck multiple times, then drove the truck into a woman who was holding her baby, injuring both the man and the woman."  Defendant was convicted of attempted murder and multiple counts of assault with a deadly weapon.  The trial court sentenced him to 16 years plus 75 years to life in prison, and we affirmed the judgment.  (*People v. Thompson* (Dec. 3, 2021, C088523) [nonpub. opn.].)

1

Defendant now appeals from the trial court's denial of his May 2022 petition for resentencing under Penal Code former section 1170.95, now 1172.6.[1]

Defendant's counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216. This court notified defendant he had 30 days to file a supplemental brief. Defendant has filed a supplemental brief raising numerous contentions. We focus on defendant's section 1172.6 petition, as that is the order appealed from and the statute "does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.) With that focus in mind, the trial court was correct that the instructions given here showed that the jury necessarily found defendant guilty of attempted murder under a valid theory, so defendant was ineligible for relief as a matter of law. We affirm.[2]

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] Defendant's contentions related to the 1172.6 petition are as follows: (1) the trial court abused its discretion by denying him "any meaningful relief"; and (2) we should reconsider the trial court's denial of his requests for leniency.

Defendant's other contentions include but are not limited to the following: (1) No assault with a deadly weapon occurred because the truck stopped prior to touching the female victim, and defendant was unable to turn the truck toward the female victim; (2) The facts showed he acted in self-defense; (3) There is insufficient evidence he left the scene of the crime; (4) The victims' testimony must be stricken; (5) He received ineffective assistance of counsel because his trial counsel erroneously stated during trial and sentencing that he drove into one of the victims; (6) His trial counsel inadequately questioned the female victim's credibility and erroneously failed to call a potentially exonerating witness; (7) His trial counsel failed to adequately investigate the case, improperly rejected exonerating evidence, and erroneously failed to object to prejudicial prosecutorial statements; (8) The prosecutor lied and made racially insensitive comments; (9) The trial court was prejudiced against him and ignored that he had been assaulted by the male victim and was afraid of him; (10) The trial court imposed a more severe sentence because he is African American; (11) The trial court should have dismissed one or more of the counts and should have imposed probation; (12) the trial court abused its

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, a jury found defendant guilty of attempted murder with a dangerous and deadly weapon, child abuse likely to produce great bodily injury, and three counts of assault with a deadly weapon. The trial court found true that defendant had three prior serious felonies. With respect to attempted murder, the jury was instructed pursuant to CALCRIM No. 600, it could find defendant guilty only if it found that "1. The defendant took at least one direct but ineffective step toward killing another person; [¶] AND [¶] 2. The defendant intended to kill that person."

Later that year, the trial court sentenced defendant to 16 years plus 75 years to life in prison as follows: 25 years to life for the attempted murder plus one year consecutive for the weapon enhancement; 25 years to life each for two of the assault with a deadly weapon counts; and fifteen years (five years each) consecutive for the three prior serious felonies. The sentences on the remaining counts were stayed. During sentencing, the trial court noted the recent passage of Senate Bill 1393 that gave the court discretion to dismiss the five-year terms. The court stated it was not in the interest of justice to dismiss them. We affirmed the judgment on appeal. (*People v. Thompson, supra*, C088523.)

In May 2022, defendant filed a petition for resentencing under 1172.6. He attached to his petition a "motion for new trial and relief." In it, he argued among other things that he acted in self-defense and was convicted under a natural and probable consequences theory.

In its opposition brief, the prosecution argued defendant was ineligible for relief because he was not convicted under any theory of imputed malice. The prosecution

---

discretion by imposing three prior serious felony enhancements because it resulted in a disproportionate sentence; (13) We should vacate his sentence and restore his commercial driver's license.

attached the jury instructions that did not include instructions on aiding and abetting, felony murder, or natural and probable consequences. The prosecution also attached our prior opinion.

In October 2022, defendant personally filed a "motion for sentence modification under [Senate Bill 1393] and [*People v. Ellis* (2019) 43 Cal.App.5th 925]."

In November 2022, the trial court denied defendant's motion for a new trial that it interpreted as primarily a motion for resentencing pursuant to Senate Bill 1393. The court reasoned it lacked jurisdiction because the sentence had already been executed and defendant's judgment was final.

On November 28, 2022, the trial court denied defendant's section 1172.6 petition, reasoning that defendant was ineligible for relief as a matter of law because the jury was not instructed on the natural and probable consequences theory of murder or the felony-murder theory. Because defendant's jury was instructed that it could find defendant guilty of attempted murder only if it found that defendant had a specific intent to kill, defendant had not been convicted under an invalid theory of attempted murder.

Defendant appeals the trial court's November 28, 2022, order denying his section 1172.6 petition.

## DISCUSSION

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime

4

shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Senate Bill 1437 also created a mechanism for individuals convicted of qualifying offenses to petition for resentencing in what is now section 1172.6. Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its coverage beyond those convicted of murder to include individuals convicted of "attempted murder under the natural and probable consequences doctrine, or manslaughter." (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

Section 1172.6, subdivision (a) now provides: "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) The

5

court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows defendant is ineligible for relief as a matter of law].) Still, the court "should not engage in factfinding involving the weighing of evidence or the exercise of discretion." (*Lewis* at p. 972.)

The trial court found that defendant was ineligible for relief under section 1172.6 because the jury was never instructed regarding aiding and abetting nor regarding natural and probable consequences. Instead, the jury was instructed pursuant to CALCRIM No. 600 that it could find defendant guilty of attempted murder only if it also found that defendant intended to kill the victim. We agree with the trial court that these instructions mean the jury necessarily found defendant guilty of attempted murder under a valid theory, so defendant was ineligible for relief as a matter of law.

Our analysis is not affected by our Supreme Court's recent decision in *People v. Curiel* (Nov. 27, 2023, S272238) ___ Cal.5th ___ [2023 Cal. Lexis 6622], where the jury found the defendant guilty of first degree murder and found true a gang murder special circumstance allegation that required the jury to find that the defendant intended to kill. Our Supreme Court held that, because the jury had been instructed on aiding and abetting, as well as the natural and probable consequences theory, the jury's finding on the gang murder special circumstance was insufficient to establish as a matter of law that the jury had found the defendant liable for murder under current law.

In contrast, here the jury was never instructed on either of those theories, and it was specifically instructed that it could not find defendant guilty of attempted murder without also finding he intended to kill. (See *People v. Curiel, supra*, 2023 Cal. Lexis 6622 at p. 69 [noting its findings were limited to the specific jury instructions given in

6

that case, because "[t]he jury instructions in other cases might be materially different, and they might therefore have required different factual findings by the jury"].)

## DISPOSITION

The trial court's order denying the resentencing petition is affirmed.


　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　 MESIWALA, J.


We concur:


 /s/
EARL, P. J.


 /s/
KEITHLEY, J.*

---